**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JOSE LEONEL ALMANZA AND FRANCES | § | |
| ALMANZA, AS NATURAL FATHER | § | |
| AND MOTHER OF ROY N. ALMANZA, JR. | § | |
| (DECEASED) | § | |
| | § | |
| VS. | § | Civil Action No. 1:11-CV-00262 |
| | § | |
| | § | |
| DEPUTY JOE SALAZAR, DEPUTY | § | |
| J.R. VILLARREAL AND COUNTY | § | |
| OF WILLACY, TEXAS | § | |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

### A. INTRODUCTION

1.    This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2.    It is alleged that Defendants took the life of Roy N. Almanza, Sr. acting under color of law and in doing so violated Plaintiff's rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    Plaintiffs herein comply with the pleading requirements of Federal Rules of Civil Procedure Rule 8(a)(2) and the requirements of *Ashcroft v. Iqbal,* 556 U.S 129 W. CT. 193, 1949 (2009) "A claim has facial plausibility when the plaintiff pleas factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged."

### B. PARTIES

4.      The decedent, Roy N. Almanza, Sr., was at all times relevant to this cause of action a resident of the City of Raymondville, Willacy County, State of Texas. Plaintiff, Frances Almanza is an individual residing in Willacy County, Texas. Frances Almanza is the natural mother of the deceased Roy N. Almanza, Sr. and is acting on behalf of the Estate of her son Roy N. Almanza, Sr.  Jose Leonel Almanza is an individual residing in Willacy County, Texas and is natural father of the deceased, Roy N. Almanza, Sr.

5.      Defendant Deputy Joe Salazar was at all times relevant to this cause of action a deputy with the Willacy County Sheriff's Department and employed by and an agent of the County of Willacy, Texas. Defendant Salazar is sued in his individual and official capacity.  This Defendant can be served with this complaint at 1371 Industrial Drive, Raymondville, Texas 78580**.**

6.      Defendant Deputy J.R. Villarreal was at all times relevant to this cause of action a deputy with the Willacy County Sheriff's Department and employed by and an agent of the County of Willacy, Texas. Defendant Villarreal is sued in his individual and official capacity.  This Defendant can be served with this complaint at 1371 Industrial Drive, Raymondville, Texas 78580**.**

7.      Defendant County of Willacy, Texas, through the Willacy County Sheriff's Department, is a unit of local government located in Texas, organized under the laws of the State of Texas and is a person under 42 U.S.C. Sec. 1983. *Monell v. Department of Social Services,* 436 U.S 658 (1978). Defendant, Count of Willacy, Texas, was at all times relevant to this cause of action the employer of Defendants, Deputy Joe Salazar and Deputy J.R. Villarreal . Defendant, Deputy J.R. Villarreal, is responsible for the acts and/or omissions of its employees taken in the scope of their employment, and is

responsible for adequately training its employees on the constitutional limits of their authority while acting within the scope of their employment and under color of state of law. This Defendant can be served with this complaint by sending a copy to its County Judge, at 576 West Main Street, Raymondville, Texas 78580.

### C.  Factual Allegations

8.      On or about January 2, 2010 Defendants Salazar and Villarreal, entered Roy N. Almanza, Sr.'s home located at 324 North Loop Street, Raymondville, Willacy County, Texas.

9.      On the afternoon of January 2, 2010, Roy N. Almanza, Sr. who is mentally ill and has been diagnosed as bipolar was of no threat to Defendants Salazar and Villarreal. Defendants Salazar and Villarreal were well aware of Mr. Almanza's mental condition.

10.     At this point the Defendants Salazar and Villarreal had the opportunity to subdue Mr. Almanza in an non-fatal manner.  The Defendants Salazar and Villarreal who were in no apparent threat unholstered their firearms and shot and killed Roy N. Almanza, Sr.

11.     As a result of the misconduct described above, Plaintiffs have experienced emotional distress, mental anguish, depression, pain and suffering and has to incur expenses in connection of the preparation of this complaint.

12.     On information and belief, the wrongful death of Roy N. Almanza, Sr. was consistent with an institutionalized practice of the Count of Willacy, Texas through the Willacy County Sheriff's Department, which was known and ratified by Defendants having at no time taken any effective action to prevent the Willacy County Sheriff's Deputies from continuing to engage in such action.  The failure to properly train Defendants, including failure to instruct them in applicable provisions of the Texas State Penal Code, Texas State Constitution, United States Constitution and with proper and prudent use of force.

13.   On information and belief, Defendant Count of Willacy through the Willacy County

Sheriff's Department, authorized tolerated and institutionalized practices, and ratified the

misconduct herein before detailed by:

a.   Failing to properly discipline, restrict and control employees, including

Defendants, Salazar and Villarreal, known to be irresponsible in dealing with

citizens of the County;

b.   Failing to take adequate precautions in the hiring, promotion, and retention of

Sheriff's Deputies;

c.   Failing to forward to the office of the District Attorney of Willacy County

evidence of criminal acts committed by their personnel;

d.   Failing to establish and/or assure the functioning of a bona fide and meaningful

departmental system for dealing with complaints of personnel misconduct, but

instead responding to such complaints with bureaucratic power and official

denials calculated to mislead the public.  This conduct also constitutes gross

negligence under state law.

14.   As a consequence of the abuse of authority detailed above, Plaintiff sustained the

damages herein before alleged.

### D.  Federal Causes of Action

15.   The allegations set forth in paragraphs 1 through 15 are incorporated by reference.

16.   The herein above described actions and omissions, engaged in under the color of state

authority by the Defendant County of Willacy through the Willacy County Sheriff's

Department and Defendants Deputy Salazar and Villarreal sued as a person, responsible

because of its' authorization, condonation and ratification thereof for the acts of its'

agents, including but not, limited to his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

### E.  Pendent Causes of Action

17.   The allegations set forth I the paragraphs above are repeated and re-alleged.

18.   Heretofore and on or January 4, 2010, Plaintiff caused a verified written Notice of Claim to be filed with and served upon the Defendant, County of Willacy, Texas pursuant to the Texas Tort Claims Act.  A copy of the Notice is hereby attached an incorporated by referenced labeled Exhibit A.

19   Plaintiff's Attorney received no response to the Notice as to the claim.

20.   The acts and conduct herein before alleged constitute wrongful death, abuse of process, prima facie tort, conspiracy tort, negligence and gross negligence under the laws of the State of Texas.  This court has pendent jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff, Jose Leonel Almanza and Frances Almanza as natural father and mother of Roy N. Almanza, Jr. (Deceased) demand the following relief both jointly and severally, against Defendant's Deputy Salazar, Deputy Villarreal and County of Willacy through the Willacy County Sheriff's Department .

A.   Compensatory damages in the amount of $250,000.00

B.   Punitive damages in the amount of $1,000.000.00.

C.   Attorney's fees pursuant to 42 U.S.C. 1988.

D.   Such other and further relief as this court may deem appropriate under the circumstances.

Respectfully submitted,

<u>/S/ Fabian Guerrero</u>
Fabian Guerrero
State Bar No. 00795397
Fed ID No.: 19988
**Law Office of Fabian Guerrero**
909 South 10th Avenue
Edinburg, Texas 78539
P.O. Box 4001
Edinburg, Texas  78540-4001
Telephone 956 318-1161
Facsimile: 956 318-1162